Citation Nr: 1504679 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 10-40 601 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for a right knee disorder, to include secondary to post operative residuals of a left knee meniscectomy.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Ryan Frank, Associate Counsel

INTRODUCTION

The Veteran served on active duty from September 1971 to September 1991.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

A review of the documents in the Veteran's Virtual VA and VBMS electronic claims files reveals relevant records to include a transcript of the appellant's February 2013 Board hearing testimony.

In August 2013, the Board, in pertinent part, denied entitlement to service connection for a right knee disorder. The appellant appealed. In September 2014, the United States Court of Appeals for Veterans Claims vacated that portion of the Board's decision for readjudication. 

In August 2013, the Board remanded the issues of entitlement to a compensable rating for a bilateral hearing loss since January 17, 2012, and entitlement to service connection for erectile dysfunction, to include secondary to lumbosacral degenerative joint disease. The development ordered at that time remains incomplete. As such, the Board will not address those issues at this time. The directives of that remand concerning those issues must, however, be completed before those issues may be returned to the Board for appellate review. 

As noted in the August 2013 Board decision, in a February 2012 statement, the Veteran raised the issues of entitlement to service connection for lower extremity radiculopathy, and entitlement to increased ratings for post-operative residuals of a left knee meniscectomy, and for lumbosacral degenerative joint disease. These issues have not been adjudicated by the agency of original jurisdiction, and the Board does not have jurisdiction over them. Therefore, they are again referred to the agency of original jurisdiction for appropriate action. 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

In September 2014, the United States Court of Appeals for Veterans Claims found that an October 2010/December 2011 examination of the appellant's right knee was inadequate because the examiner failed to adequately consider the appellant's prior medical history. Given that finding the Board finds further development to be required.

Accordingly, the case is REMANDED for the following action:

1. Obtain all outstanding, pertinent records of treatment of the Veteran's right knee disorder from any identified source that has treated that joint at any time since 2011. All records received should be associated with the Veteran's electronic claims file. If the AOJ cannot locate any identified Federal records that the appellant identifies it must specifically document the attempts that were made to locate them, and explain in writing why further attempts to locate or obtain any government records would be futile. The AOJ must then: (a) notify the claimant of the specific records that it is unable to obtain; (b) explain the efforts VA has made to obtain that evidence; and (c) describe any further action it will take with respect to the claim. The claimant must then be given an opportunity to respond.
 
2. Thereafter the AOJ must take appropriate action in order to obtain a medical opinion from a physician specializing in orthopedic medicine. The orthopedist is to be provided access to the claims folder, a copy of this remand, and any records located in Virtual VA or VBMS. The physician must specify in the report that the claims file and any records in Virtual VA and VBMS have been reviewed. The physician must then address the following questions:

(a) What are the Veteran's current diagnoses pertaining to any right knee disorder? What symptoms associated with each? If any symptoms are present which cannot be assigned to a particular diagnosis, please explain.

(b) Is it at least as likely as not (i.e., is there a 50 percent or greater probability) that any diagnosed right knee disorder had its onset during or is otherwise related to the Veteran's active duty service? If not all diagnoses can be related to the appellant's service, can the symptoms caused by the various right knee disorders be distinguished from those symptoms caused by any disorders that you find are related to service? 

(c) For any diagnosed right knee disorder is it at least as likely as not that the disorder was caused by residuals of a left knee meniscectomy? If not, is it at least as likely as not that any diagnosed right knee disorder is aggravated, that is, is permanently worsened beyond the natural progression, by the Veteran's residuals of a left knee meniscectomy? If aggravation is found, please attempt to quantify the degree of additional disability resulting from the aggravation.

(e) When providing rationale for any opinion, the orthopedist must specifically consider the appellant's entire medical history. The orthopedist must discuss the May 2010 opinion offered by private physician Dr. N.S. who found that the Veteran had degenerative changes in his knee joints, that he has undergone left knee surgery, and that he reports having problems with his right knee afterwards. Dr. N.S. further reported that the Veteran stated he put a lot of pressure on his right knee. As a consequence, Dr. N.S. opined that the appellant had developed right knee degenerative changes by "over tasking this knee in favor of not putting too much weight on the left knee." If the examining orthopedist disagrees with the findings offered by Dr. N.S. she/he must specify why.

The orthopedist is advised that the Veteran is competent to report symptoms, treatment, and injuries, and that his reports must be taken into account, along with the other evidence of record, in formulating the requested opinion. The orthopedist is further advised that while the absence of corroborating service clinical records may NOT be the determinative factor, the terms competence and credibility are not synonymous.

A complete rationale for all opinions expressed must be provided. If the physician cannot provide an opinion regarding any of the questions posed above, she/he must affirm that all procurable and assembled data was fully considered and a detailed rationale must be provided for why an opinion cannot be rendered. 

The Veteran is to be notified that it is his responsibility to report for the examination and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158 , 3.655 (2014).
 
4. The AOJ must ensure that any medical examination report or opinion report completely complies with this remand and the questions presented. The AOJ must ensure that the physician documented consideration of all records contained in Virtual VA or VBMS. If any report is insufficient, it must be returned to the physician for necessary corrective action, as appropriate.
 
5. Upon completion of the above requested development and any additional development deemed appropriate, the AOJ must readjudicate the issue. All applicable laws, regulations, and theories of entitlement should be considered. If the benefit sought on appeal remains denied, the appellant and his representative should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 

of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).